AMERICAN SAVINGS BANK, F.A., Keystone Holdings, Inc., Keystone Holdings Partners, L.P., N.A. Capital Holdings, Inc., New American Capital, Inc., and New American Holdings, Inc., Plaintiffs,

v.

THE UNITED STATES, Defendant.

No. 92–872C.

United States Court of Federal Claims.

Sept. 7, 2001.

Melvin G. Garbow, Washington, D.C., with whom were Howard N. Cayne and Edward H. Sisson, Washington, D.C., for plaintiffs.

William F. Ryan, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, which whom were Stuart E. Schiffer, Acting Assistant Attorney General, David M. Cohen, Director, and Jeanne E. Davidson, Deputy Director, for defendant.

## ORDER

SMITH, Senior Judge.

The court has under consideration defendant's motions to compel liability discovery and plaintiffs' motion for entry of judgment as to liability.

The genesis of this controversy is defendant's motion for a continuance to conduct fact discovery prior to responding to plaintiffs' motion for summary judgment. Plaintiffs apparently refused to provide additional liability discovery on the ground that their summary judgment motion had presented a *Winstar*-type capital forbearance contract virtually identical to those recognized by the Supreme Court. Defendant, in its RCFC 56(g) motion, and in its subsequent motions to compel liability discovery, argued that liability discovery was needed before it could respond to the motion. Plaintiffs' motions for entry of judgment pursuant to RCFC 58 were subsequently filed on the ground that defendant had failed in its obligation to respond to their summary judgment motion. Meanwhile the parties, while arguing over the need for any remaining liability discovery, nonetheless completed expert discovery.

First, the court agrees with plaintiffs that they have submitted to the court one of the strongest *prima facie* demonstrations of the existence of a *Winstar*-type contract. In fact, based on plaintiffs' motion for summary judgment, it can certainly be argued that plaintiffs have made a stronger *prima facie* case than was made in the original *Winstar* test cases: there is an Assistance Agreement which expressly incorporates the two forbearances at issue into the contract. Moreover, there even exists a second promise that would appear to satisfy defendant's own original unmistakability argument advanced in the three original *Winstar* cases: the letter signed by FHLBB and FSLIC General Counsel Jordan Luke (the Luke Letter) warranting that the transaction agreement "constitute[s] valid and binding agreements" and is "enforceable against the Receiver and the Corporation."

In its request for discovery pursuant to RCFC 56(g), defendant has made arguments that the court finds unpersuasive. First, de-

fendant points to the need to determine whether it would have been madness for plaintiffs to agree to the transaction absent the inclusion of the forebearances at issue. As the court has discussed in several prior opinions, it is not aware that "madness" has become the newly-minted sixth element needed to establish the existence of a contract with the government. Regardless, it is irrelevant, since plaintiffs have demonstrated the existence of a fully integrated contract, and such discovery is not being pursued to resolve any possible ambiguity in the alleged contract, but rather to revisit the issue of intent.

Second, defendant points to the need for discovery because of the existence of the "Material Change of Law" provision in the Assistance Agreement, which was subsequently invoked by plaintiffs. Defendant points to the existence of this provision, and presumably to its invocation, as further evidence that it would not have been madness to enter into the transaction without the forebearances being contractually enforceable. The court believes that any such liability discovery to further buttress the madness argument is irrelevant and hence would be fruitless to pursue. Defendant also argues, it seems, that additional discovery is needed to determine whether the forebearances were intended to provide an additional remedy beyond what was provided in the Material Change of Law provision of the Assistance Agreement. The court believes, however, that the provision can be understood within the framework of the entire agreement and is unambiguous. Further discovery is not needed to clarify an unambiguous provision of the contract.

Third, defendant points to alleged ambiguities in the Luke Letter. The court can only respond that it has reviewed the Luke Letter numerous times and that it does not create any ambiguities that necessitate the need to discover extrinsic evidence to determine the intent of the parties. Indeed, rather than asserting the existence of ambiguities necessitating more discovery, defendant appears to argue that the letter *by its own terms* disclaimed the possibility of plaintiffs' obtaining the type of remedy they now seek in this court.

Lastly, defendant has argued in its motions to compel, and in oral argument, that it has uncovered evidence that suggests that the parties negotiated the issue of whether the forebearances would be contractually binding and that the FHLBB refused the request. While this may be so, it is irrelevant, and precisely the kind of negotiating irrelevance that the parol evidence rule is designed to keep from wasting the time of the court. (The court also presumes as very likely but equally irrelevant that in the negotiations the Bass Group asked that the FSLIC provide more assistance and that the Bass Group be required to put in less capital than was eventually agreed upon). It is hornbook law that, in a case such as this one, parol evidence cannot be used to vary the unambiguous terms of a written contract. *See Beta Sys., Inc. v. United States,* 838 F.2d 1179, 1183 (Fed.Cir.1988).

Plaintiffs have submitted to the court papers showing the existence of a fully integrated, unambiguous contract regarding the capital treatment of the forebearances at issue, of a type identical to the kind recognized by this court, the Federal Circuit, and the Supreme Court in *Winstar.* Defendant cannot merely assert the existence of ambiguities that the text of the contracting documents belie to open the door to liability discovery, even under the liberal standards of RCFC 56(g). Accordingly, defendant's motions to compel additional liability discovery are denied.

At the same time, while the court is strongly inclined to enter judgment in plaintiffs' favor at this time, the court is also *cognizant of the fact that defendant has not* filed a substantive and fully responsive opposition to plaintiffs' motion for summary judgment as to liability. Although the court finds defendant's request for discovery unpersuasive, it was offered in good faith and the delay in resolving the issue lies with the court. Defendant is therefore entitled to an opportunity to raise fully its defenses to plaintiffs' motion, and also an opportunity to make its own motion for summary judgment. Accordingly, the court will permit defendant to file a response to plaintiffs' motion for summary judgment as to liability within 21 days of the date of this order. The court will

review the response (and a presumed cross-motion) and determine whether further briefing is necessary. If the court believes that the response neither raises an issue of material fact nor a tenable argument in support of the cross-motion for summary judgment, the court will promptly enter judgment for plaintiffs as to liability.

Based on its numerous filings, the court anticipates that possible defenses, relying on the language of the Luke Letter and the settlement based on the Material Change of Law provision of the Assistance Agreement, will be put forward. Based on the court's understanding of the transaction, the court doubts such arguments will be persuasive. Nonetheless, the court believes that defendant deserves an opportunity to file such a response. The response should be directed solely to plaintiffs' motion for summary judgment as to liability.

The court is also fully aware that both parties, and particularly plaintiffs, are eager to move forward to an expeditious resolution of this case. Because no further liability discovery will be permitted, and because expert discovery is also completed, the case can likely proceed to consideration of damages in a short period. The court will schedule a status conference within a week after receiving defendant's responsive brief to determine a schedule for whatever further proceedings are appropriate.